1

**PORTER | SCOTT**

2
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301

3
2180 Harvard Street, Suite 500
Sacramento, California 95815

4
jwhitefleet@porterscott.com
TEL: 916.929.1481

5
FAX: 916.927.3706

6
Attorneys for Defendants COUNTY OF SHASTA, ALICIA ENDECOTT, DAVID HEDDRICK,
JENIFER ROWE, ELETRA MONNA, BONNIE BARTLETT

7
***(Exempt from Filing Fees Pursuant to Government Code § 6103)***

8

9
UNITED STATES DISTRICT COURT

10
EASTERN DISTRICT OF CALIFORNIA

11

12
JESSICA MILLER, individually and as
Guardian ad Litem for her child S.H., ANNA
MILLER,

Case No. 2:24-cv-02131-TLN-DMC

13

**STIPULATED PROTECTIVE ORDER**

14
Plaintiffs,

15
v.

16
COUNTY OF SHASTA, ALICIA

Complaint Filed: 08/07/2024

17
ENDECOTT, DAVID HEDRICK, JENIFER
ROWE, ELETRA MONNA, BONNIE

18
BARTLETT, CITY OF REDDING,
ORLANDO RABON, MARK

19
MONTGOMERY, and Does 1-10 inclusive,

20

21
Defendants.

22
_____/

23
    Plaintiffs JESSICA MILLER, individually and as Guardian ad Litem for her child S.H., and ANNA

24
MILLER ("Plaintiffs"), and Defendants COUNTY OF SHASTA, ALICIA ENDECOTT, DAVID

25
HEDRICK, JENIFER ROWE, ELETRA MONNA, BONNIE BARTLETT, CITY OF REDDING,

26
ORLANDO RABON, and MARK MONTGOMERY (collectively, "Defendants"), by and through their

27
respective counsel of record, hereby submit the following Stipulated Protective order.

28
///

## I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.    GOOD CAUSE STATEMENT

The confidential information of minors and other parties involved in the underlying juvenile matter proceeding which form the basis of, and give rise to, the instant litigation are protected under California Welfare and Institutions Code § 827. In addition to the confidential records of minors and other parties, this litigation is likely to involve confidential and/or privileged law enforcement records, which are subject to numerous statutory protections, including Penal Code section 832.7 and/or Evidence Code section 1040, and/or employment records.  The information contained in many of the records and documents likely to be sought in discovery thus constitutes confidential and private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, but are not limited to, confidential employment and training records, medical records, psychological records, juvenile case files and related records (including information implicating privacy rights of third parties), police reports and related law enforcement records, and other information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non public manner, and there is good cause why it should not be part of the public record of this case.

## III.    DEFINITIONS

A.  <u>Action</u>: The above captioned matter.

B.  <u>Challenging Party</u>: A Party or Non Party that challenges the designation of information or items under this Order.

C.  <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.  <u>Counsel</u>: Counsel of Record for the parties as well as their support staff.

E.  <u>Designating Party</u>: A Party or Non Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.  <u>Disclosure or Discovery Material</u>: All documents or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to written discovery in this matter.

G.  <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.  <u>Non Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I.  <u>Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

/ / /

4867-6989-4397, v. 1

J.  <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Counsel of Record (and their support staffs).

K.  <u>Producing Party</u>: A Party or Non Party that produces Disclosure or Discovery Material in this Action.

L.  <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M.  <u>Protected Material</u>: Any Document, written Disclosure or written Discovery Material that is designated as "CONFIDENTIAL."

N.  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material.

B.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V.    DURATION**

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this Protective Order that is admitted into evidence becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 81 (9th Cir. 2006) (distinguishing a "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial. All parties reserve the right to separately seek a Court order

STIPULATED PROTECTIVE ORDER

regarding the confidentiality of any records at that time and do not waive any such objections by signing this Stipulation and Proposed Protective Order.

**VI.    DESIGNATING PROTECTED MATERIAL**

    a.    Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    B.  Manner and Timing of Designations

1. Except as otherwise provided in this Order (see, e.g., Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

    a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b. A Party or Non Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

STIPULATED PROTECTIVE ORDER

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     C.     Inadvertent Failure to Designate

1. If corrected within 30 days of the time any inadvertent failure to designate qualified information or items, then such failure does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

     A.     <u>Timing of Challenges</u>

1. Any party or Non Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     B.     <u>Meet and Confer</u>

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 251 et seq.

     C.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of

STIPULATED PROTECTIVE ORDER

protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.    Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.    Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Parties, a Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED PROTECTIVE ORDER

h.  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1.  Promptly notify in writing the Parties. Such notification shall include a copy of the subpoena or court order;

2.  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.  Cooperate with respect to all reasonable procedures sought to be pursued by the Parties whose Protected Material may be affected.

B.  If a Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the other Party's permission. The Party seeking protection shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging another Party in this Action to

STIPULATED PROTECTIVE ORDER
4867-6989-4397, v. 1

disobey a lawful directive from another court.

## X. A NON PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by a Non Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non Party's confidential information in its possession, and the Party is subject to an agreement with the Non Party not to produce the Non Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non Party that some or all of the information requested is subject to a confidentiality agreement with a Non Party;

2. Promptly provide the Non Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non Party, if requested.

C. If the Non Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non Party's confidential information responsive to the discovery request. If the Non Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non Party before a determination by the court. Absent a court order to the contrary, the Non Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3)

4867-6989-4397, v. 1

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED
## OR OTHERWISE PROTECTED MATERIAL

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A.    Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material

1. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

4867-6989-4397, v. 1

**XIV.   FINAL DISPOSITION**

    A.  After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material with the exception of juvenile case file materials to which the particular party was a party in the underlying juvenile dependency action. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated:  September 10, 2025               **POWELL & ASSOCIATES**

(as authorized on 09/05/2025)

                                    By   /s/ Robert R. Powell
                                    Robert R. Powell
                                    Attorneys for Plaintiffs JESSICA MILLER, individually and as Guardian ad Litem for her child S.H., ANNA MILLER


Dated:  September 10, 2025               PORTER SCOTT

                                      A PROFESSIONAL CORPORATION

                                    By   /s/ John R. Whitefleet
                                    John R. Whitefleet
                                    Attorneys for Defendants COUNTY OF SHASTA, ALICIA ENDECOTT, DAVID HEDDRICK, JENIFER ROWE, ELETRA MONNA, BONNIE BARTLETT

/ / /

/ / /

4867-6989-4397, v. 1

1   Dated:  September 10, 2025                    Orbach Huff & Henderson LLP

2   (as authorized on 09/05/2025)

3                                                 By  /s/ Kevin E. Gilbert
                                                    Kevin E. Gilbert, Esq.
4                                                   Carolyn M. Aguilar, Esq.
                                                    Attorneys for Defendants CITY OF REDDING,
5                                                   ORLANDO RABON, and MARK
                                                    MONTGOMERY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
4867-6989-4397, v. 1

**ORDER**

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

/ / /

STIPULATED PROTECTIVE ORDER

4867-6989-4397, v. 1

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

**IT IS SO ORDERED.**

Dated:  September 10, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

4867-6989-4397, v. 1