UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MILLER, et al., Plaintiffs, v. COUNTY OF SHASTA, et al., Defendants. | No. 2:24-cv-2131-TLN-ICD **ORDER** |

This matter is before the Court on Plaintiffs Jessica Miller, Anna Miller, and S.H.'s ("Plaintiffs") Motion to Modify the Scheduling Order and Renewed Request for Sanctions. (ECF No. 32.) Defendants County of Shasta, Alicia Endecott, David Heddrick, Jenifer Rowe, Eletra Monna, and Bonnie Bartlett ("County Defendants") filed a statement of non-opposition to the request to modify the scheduling order. (ECF No. 34.) County Defendants oppose the renewed request for sanctions. (*Id.*) Defendants City of Redding, Officer Orlando Rabon, and Detective Mark Montgomery ("City Defendants") filed an opposition to both the motion to modify and renewed request for sanctions. (ECF 35.) Plaintiffs replied. (ECF No. 36.) For the reasons set forth below, the Court DENIES Plaintiffs' Renewed Request for Sanctions and GRANTS in part Plaintiffs' Motion to Modify the Scheduling Order.

## I. Factual and Procedural Background

The instant action arises from the warrantless removal of minor K.L. from mother Jessica Miller following a domestic violence incident with K.L.'s father Blake Lahue. (ECF No. 1.) Plaintiffs filed their Complaint on August 7, 2024. (*Id.*) City Defendants answered on November 18, 2024. (ECF No. 9.) City Defendant Mark Montgomery was served later than other City Defendants. (ECF No. 8.) Therefore, Defendant Montgomery filed a later answer on December 5, 2024. (ECF No. 12.) County Defendants answered on December 3, 2024. (ECF No. 11.)

The Court filed the Initial Pretrial Scheduling Order ("Scheduling Order") on August 8, 2024. (ECF No. 3.) The Scheduling Order set the operative discovery deadline for "no later than three hundred and sixty-five (365) days from the date upon which the last answer is filed[.]" (*Id.* at 2.) Therefore, the discovery deadline was December 5, 2025. (ECF Nos. 3, 12.)

Plaintiffs filed a motion for sanctions and attorney's fees on September 22, 2025. (ECF No. 19.) City Defendants and County Defendants each filed an opposition. (ECF Nos. 21, 22.) Plaintiffs filed replies. (ECF Nos. 24, 25.) The magistrate judge held a hearing on the motion for sanctions and attorney's fees on October 22, 2025. (ECF No. 26.) On October 14, 2025, the magistrate judge issued an Order denying Plaintiffs' motion for sanctions and attorney's fees. (ECF No. 30.)

On November 17, 2025, the magistrate judge held an informal discovery conference. (ECF No. 29.) Following the conference, the Court issued a Minute Order reading in part:

> The December 5, 2025, discovery deadline remains in place subject to an appropriate motion to extend the deadline for good cause shown. In receiving any such motion, the Court will expect compliance with a four-step process to demonstrate good cause to extend the discovery deadline. . . . Absent strict compliance with these four steps, discovery will be closed on December 5, 2025, and the Court will view any motion to extend discovery deadlines with disfavor.

(ECF No. 31.) On December 5, 2025, the date of the fact discovery deadline, Plaintiffs filed the instant motion. (ECF No. 32.) Since briefing concluded on the instant motion, both City and County Defendants moved for summary judgment. (ECF Nos. 40, 45.) Plaintiffs filed an "Ex Parte Request for Continuance of Motion for Summary Judgment Decision" pursuant to Federal

Rule of Civil Procedure ("Rule") 56(d) ("56(d) Motion") to obtain discovery "crucial" for Plaintiffs to oppose County Defendants' motion for summary judgment. (ECF No. 49.) County Defendants opposed. (ECF No. 50.)

## II. Standard of Law

Under Rule 16(b)(4), a scheduling order may be modified upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted).

## III. Analysis

As a preliminary matter, the Court admonishes Plaintiffs and City Defendants for their litigation antics. Plaintiffs in particular fail to abide by rules, instead attacking Defendants and confusing issues rather than making cohesive legal arguments. (*See e.g.*, ECF No. 30 (denying Plaintiffs' motion for sanctions where it was procedurally defective and premature); ECF No. 32-1 at 3–32, 46–80 (attaching over sixty (60) pages of exhibits of email correspondence between the parties to the instant motion with various instances of highlighting, all caps, and voluminous emails); ECF No. 36-1 at 11–15 (Purporting to run City Defendants counsel's proposal through ChatGPT to determine why it was inefficient and including four pages of AI outputs as proof of its inefficiency).)

Plaintiffs and City Defendants use hyperbole and animated language to argue their opponent is wrong. (*See, e.g.*, ECF No. 32 at 11 ("Plaintiffs submit their journey thus far is like that of a oarsman with one oar paddling on one side, the boat is spinning in circles"); ECF No. 35 at 17–18 (Plaintiffs' counsel was "deliberately obstructing the proceedings by making unreasonable demands, sending verbose and confusing emails" and is used to "brow-beating other defense counsel into conceding to his demands"); ECF No. 36 at 1–2 ("City's counsel has engaged yet again in deceptive claims" and Plaintiffs' counsel must "move into the thicket of ongoing deception and departure from reality that unfortunately requires scalpel-like explication

to expose").) Indeed, large portions of both Plaintiffs' and City Defendants' briefs are irrelevant to the instant analysis. For example, City Defendants argue "Plaintiffs' claims are largely precluded pursuant to the doctrine enunciated in *Rooker-Feldman*" and there is "no point to reopen discovery." (ECF No. 35 at 12.) However, the instant motion is controlled by Rule 16(b)(4) and its good cause analysis, not a substantive preclusion argument more appropriate for summary judgment. *Johnson* at 609. Meanwhile, Plaintiffs' motion is primarily a recap of the case history and block quotes from counsel emailing each other regarding discovery. (ECF No. 32 at 3–9.) Plaintiffs' motion offers Plaintiffs' counsel himself to share in sanctions if the Court finds Plaintiffs are at fault for the communication breakdown. (*Id.* at 10.) Neither Plaintiffs' extensive block quotes nor offer to pay sanctions are persuasive.

Regarding the merits of the motion, the Court first disposes of Plaintiffs' improper request for sanctions. The Court next reviews the request to modify the Scheduling Order under Rule 16(b)(4). Finally, the Court explains how the instant motion impacts the outstanding motions for summary judgment and Plaintiffs' Rule 56(d) Motion.

A. Request for Sanctions

Plaintiffs renew their request for sanctions. (ECF No. 32.) However, as City Defendants highlight, Plaintiffs' instant motion "does not identify on what basis [Plaintiffs] seek sanctions, nor what authority they are entitled to sanctions." (ECF No. 35 at 21.) Plaintiffs offer no authority and no legal argument in support of a renewed request for sanctions.[1] (ECF Nos. 32, 36.) Rather, Plaintiffs merely attempt to shoehorn their prior motion for sanctions into the instant motion. (ECF No. 32 at 4.) With no support in the instant motion nor tether to the law, the Court finds Plaintiffs' request for sanctions unpersuasive.

The Court therefore DENIES Plaintiffs' renewed request for sanctions.

///

[1] In reply, Plaintiffs raise the Court's inherent authority to sanction pursuant to 42 U.S.C. § 1927. (ECF No. 36 at 2.) Arguments raised in reply for the first time only are improper. *See Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) ("'[A] district court need not consider arguments raised for the first time in a reply brief.'" (quoting *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).) Therefore, the Court does not consider Plaintiffs' inherent authority argument.

B. Request to Modify the Scheduling Order

Plaintiffs' request to modify the Scheduling Order is a closer call. First, the Court determines if Plaintiffs complied with the magistrate judge's Minute Order laying out "a four-step process to demonstrate good cause to extend the discovery deadline." (ECF No. 31.) Second, the Court reviews if Plaintiffs were diligent and demonstrate good cause under Rule 16(b). *Johnson*, 975 F.2d at 609.

*i. Compliance with the Magistrate Judge's Process*

In light of the parties' discovery dispute, the Court laid out the following steps:

> The following steps are necessary: (1) all parties to identify what depositions are needed, with an exchange of lists of needed deposition by November 20, 2025, at 12:00 p.m.; (2) upon receipt of inventory of needed depositions, parties to determine which dates are being requested and to inform each side by November 24, 2025, at 12:00 p.m.; (3) upon receipt of dates requested, parties are tasked with evaluating which requested dates are available and to exchange available dates by November 25, 2025, at 5:00 p.m.; and (4) by December 3, 2025, at 12:00 p.m., the parties shall notify each other of the agreed upon dates.

(ECF No. 31.) The Court advised "[a]bsent strict compliance with these four steps, discovery will be closed on December 5, 2025, and the Court will view any motion to extend discovery deadlines with disfavor." (*Id.*) Plaintiffs assert Exhibit D of their motion "establish[] what Plaintiffs did in compliance." (ECF No. 32 at 7.)

Regarding step (1), Plaintiffs provided Defendants a list of witnesses by the November 20, 2025 deadline. (ECF No. 32-1 at 46–49.) This list of witnesses included thirty-six people, if one person most knowledgeable could cover each of the six listed entities. (*Id.* at 48–49.) The Court finds Plaintiffs complied with step (1). On step (2), Plaintiffs provided Defendants a list of dates requested by the November 24, 2025 deadline. (*Id.* at 57–58.) The Court determines Plaintiffs complied with step (2). For step (3), Plaintiffs provide email correspondence, an annotated calendar, and an excerpt from a table. (*Id.* at 60–65.) While not the picture of a clear exhibit and difficult to understand, the Court finds Plaintiffs scrape by in complying with step (3).[2]

---

[2] The exhibit includes an email missing multiple letters and punctuation. The table excerpt includes no headers or clear explanation. (*Id.* at 60–61, 65.)

Regarding step (4), Plaintiffs sent Defendants an email indicating "not a single deposition [is] actually confirmed," indicating Plaintiffs' counsel was now unavailable December 18, 2025, and noting City Defendants' counsel never provided a list of available dates. (*Id.* at 67–68.) Plaintiffs included a proposed deposition schedule. (*Id.* at 69.) Therefore, Plaintiffs satisfied the magistrate judge's directive. The Court will not look at Plaintiffs' motion to modify the Scheduling Order with disfavor. (ECF No. 31.)

In the interest of judicial economy, because Plaintiffs seek to modify the Scheduling Order and they complied with the magistrate judge's steps, the Court finds consideration of City Defendants and County Defendants' step-following unnecessary for the instant analysis.

*ii. Good Cause*

Plaintiffs argue they have "shown 'good cause'" to "move the entire scheduling order" back approximately six months. (ECF No. 32 at 10.) Plaintiffs assert they complied with the Court's orders, including the November 17, 2025 Minute Order. (*Id.*) City Defendants respond Plaintiffs have not been diligent where they (1) "did nothing . . . until late May of 2025, nearly six months after the last party had answered in the case," (2) did not comply in good faith with the magistrate judge's November 17, 2025 Minute Order, (3) exhibited "gamesmanship" and attempted to "intimidate defense counsel," and (4) failed to notice the depositions they wanted to take. (ECF No. 35 at 16–19.) City Defendants further argue Plaintiffs' requested discovery is irrelevant and they will be prejudiced by Plaintiffs' delays. (*Id.* at 19–20.)

Regarding City Defendants' prejudice argument, the Court finds any alleged prejudice can be mitigated. City Defendants argue they may be "unfairly surprised with new discovery that occurred *after* their dispositive motion" was filed, leaving no time to modify their litigation strategy. (ECF No. 35 at 20.) The Court will permit all Defendants to refile their dispositive motions. This shall eliminate the prejudice via surprise posited by City Defendants. Nor are City Defendants' other arguments, including further discovery costs and claim preclusion, persuasive. These considerations are not dispositive on a Rule 16(b) motion. Rather, Plaintiffs' diligence is.

The instant motion rises and falls on diligence per *Johnson*, 975 F.2d 604. Plaintiffs attempted to get depositions scheduled various times, including in correspondence on June 17,

2025, June 18, 2025, July 8, 2025, and July 21, 2025. (ECF No. 32 at 14, 21, 30, 32.)[3] These attempts did not pan out. The parties had a discovery conference with the Court on November 17, 2025, and Plaintiffs satisfied the Court's Minute Order by attempting to get depositions scheduled in correspondence from November 20, 2025, through early December 2025. (ECF No. 31; ECF No. 32-1 at 46–80.) Therefore, the Court finds Plaintiffs pass the diligence hurdle and establish good cause to extend the fact discovery deadline for depositions only.

The Court GRANTS in part Plaintiffs' motion to modify the Scheduling Order. The Court determines a fact discovery extension — for depositions only — of 90 days from the electronic filing date of this Order is appropriate. All other deadlines will be extended in accordance with the Scheduling Order. (ECF No. 3.)

*iii. Outstanding Motions*

There are two outstanding motions for summary judgment and the 56(d) Motion. (ECF Nos. 40, 45, 49.) The Court DENIES as moot both outstanding Motions for Summary Judgment. (ECF Nos. 40, 45.) The Court DENIES as moot Plaintiffs' 56(d) Motion. All parties shall abide by the deadlines below regarding filing or re-filing their dispositive motions.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' renewed request for sanctions and GRANTS in part Plaintiffs' Motion to Modify the Scheduling Order. The Court DENIES as moot City Defendants' Motion for Summary Judgment, County Defendants' Motion for Summary Judgment, and Plaintiffs' 56(d) Motion. (ECF Nos. 40, 45, 49.) The Court hereby orders the relevant deadlines as follows:

///

///

///

///

///

---

[3] The CM/ECF headers are illegible at the instant citations. Accordingly, the pincites in the instant citation are to PDF page number.

1. Fact Discovery Deadline (limited to depositions): 90 days from the electronic filing date of this Order;
2. Expert Witness Disclosure Deadline: 60 days after the close of fact discovery;
3. Supplemental Expert Disclosure Deadline: 90 days after the close of fact discovery; and
4. Dispositive Motion Deadline: 180 days after the close of fact discovery.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE